UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AEGON STRUCTURED SETTLEMENTS,
INC., and MONUMENTAL LIFE
INSURANCE COMPANY,

                Plaintiffs,

v.

VIRGINIA YOUNG HICKS, THELMA YOUNG
FULLER, and ESTATE OF BERNICE YOUNG,
by and through CHARLES E. YOUNG, Personal
Representative,

                Defendants.
_____/

10-cv-14996

Paul D. Borman
United States District Judge

Paul J. Komives
United States Magistrate Judge

## OPINION AND ORDER (1) DENYING OBJECTIONS TO THE REPORT AND RECOMMENDATION (DKT. NOS. 34, 41); (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NO. 30); AND (3) GRANTING SUMMARY JUDGMENT TO THE ESTATE OF BERNICE YOUNG

This matter is before the Court on Defendant Victoria Young Hicks's ("Hicks") Objection (Dkt. No. 34) and Defendant Thelma Young Fuller's ("Fuller") Objection to the Magistrate Judge's Report and Recommendation (Dkt. No. 41). For the reasons that follow, the Court DENIES both Objections, ADOPTS the Magistrate Judge's Report and Recommendation and GRANTS Summary Judgment in favor of Defendant Estate of Bernice Young.

### I. BACKGROUND

The pertinent facts of this interpleader action are accurately and adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (Dkt. No. 30,

1

Report and Recommendation, 1-4.)

## II. STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. "A party who receives [the Magistrate Judge's notice requiring objections to be filed within a specified time] yet fails timely to object is deemed to waive review of the district court's adoption of the magistrate judge's recommendations." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir.1991).

Specific objections enable the Court to focus on the on particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This

2

duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings ... believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

### III. ANALYSIS[1]

Defendant Virginia Young-Hicks's ("Hicks") Objections (Dkt. No. 34) do not seek review of any specific findings or conclusions of the Magistrate Judge and are denied for this reason alone. Additionally, however, Hicks's objections ask this Court to issue further relief, specifically to order the prevailing Defendant, the Estate of Bernice Young ("the Estate"), to distribute the involved annuity funds in a particular manner. The Court is limited to its role of determining "the respective rights of the claimants to the fund or property at stake . . . ." *United States v. High Technology Products, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007). The Court has fully determined the respective rights of the parties in this interpleader action and concluded that the Estate is the rightful beneficiary of the annuity held by Bernice Young ("Bernice") at the time of her death. This interpleader action does not provide a basis for this Court further to dictate the method of distribution to be employed by the prevailing Defendant, the Estate. Accordingly, the Court DENIES Hicks's Objections. (Dkt.

---

[1] The Court notes that the Magistrate Judge *sua sponte* granted Summary Judgment in this matter. The Magistrate Judge required all parties to submit evidence in support of their respective positions, held a hearing in which all parties were able to participate and concluded that no genuine issue of material fact existed as to Defendant Estate of Bernice Young's right to beneficiary status on the annuity in question. The Magistrate Judge, therefore, granted Summary Judgment in favor of the Estate. "[A] district court may enter summary judgment *sua sponte* in certain limited circumstances, so long as the losing party was on notice that it had to come forward with all of its evidence." *Shelby County Health Care Corp. v. Southern Council of Industrial Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000). None of the parties has objected to the Magistrate Judge's procedural approach to resolving the beneficiary issue.

3

No. 34.)

The only other document filed by any party that even refers to the Report and Recommendation is the December 9, 2011 Motion to Extend Page Limit filed by Defendant Thelma Young Fuller ("Fuller"). That document reads in full: "Defendant, Thelma Young Fuller ask that this Court extend the length of pages from five (5) pages to eight (8) pages. Defendant could not include all attachments mentioned in Defendants objection to the recommendation of summary judgment to the Estate of Bernice Young." (Dkt. No. 41.) It is unclear as to what document Fuller is seeking an extension in this one-page, unsigned filing but as an Objection, this document is filed well past the 14 day time-period specified in the Magistrate Judge's Report and Recommendation. If the motion relates to the five (5) page "Letter to Judge Komives" filed the previous day, that letter also lacks the specificity and timeliness required of an objection to the Magistrate Judge's Report and Recommendation. (Dkt. No. 40, Letter to Magistrate Judge Komives.) If, on the other hand, it purports to be a response to Hicks's timely-filed Objections, it fails to specify and address each issue to which it purports to respond, as required by the Magistrate Judge's Report and Recommendation. No party entitled to do so has filed timely and specific objections to the Magistrate Judge's Report and Recommendation. Accordingly, the Court DENIES the Objections and ADOPTS the Magistrate Judge's Report and Recommendation.

Even assuming the "objections" that have been filed were timely and specific, the Court would agree with the conclusion reached by the Magistrate Judge. At the second stage of an interpleader action, when the Court is called upon to resolve the rights of competing claimants, "when the material facts are undisputed, it is appropriate for a Court to resolve questions of law and enter judgment directing payment of the disputed fund to the appropriate party." *Aon Corp.*

*Accidental Death & Dismemberment Plan v. Hohlweck*, 223 F. Supp. 2d 510, 514 (S.D.N.Y. 2002). *See also Travelers Ins. Co. v. Young*, 580 F. Supp. 421 (D.C. Mich. 1984) (granting summary judgment in an interpleader action). The Magistrate Judge correctly concluded that the material facts as to the rights of the competing claimants in the instant case are not in dispute. Under Michigan law, a designation of beneficiaries is presumed valid unless, as pertinent here, the designor is shown to have been sufficiently mentally incapacitated at the time of the designation so as to be incapable of understanding the extent of his or her property and how he or she wishes to dispose of the property. *In re Estate of Erickson v. Michigan Conference Ass'n of Seventh-Day Adventists*, 202 Mich. App. 329, 333 (1993) ("A mentally incompetent person is one who is so affected mentally as to be deprived of sane and normal action."). Additionally, as relevant here, an "unexecuted intention to change the beneficiary is not sufficient to effectuate such a change." *Gignac v. Columbian Nat'l Life Ins. Co.*, 321 Mich. 201, 203 (1948).

      The Court agrees with the Magistrate Judge's conclusion that there has been no evidence presented that Fuller was ever named a beneficiary of the annuity. While there is testimony that Bernice intended to name Fuller, there is no indication that she ever did so. The evidence establishes that on July 21, 2009, Bernice executed and submitted to Monumental Life a change of beneficiary form designating her Estate as the beneficiary of the annuity after her death. Defendant Fuller has presented no evidence that would permit the Court to conclude that Bernice was mentally incapacitated at the time of this designation so as to be "deprived of sane and normal action" and incapable of understanding the disposition that she made in her July 21, 2009 change of beneficiary. Indeed, all evidence is to the contrary.

      A September, 2009 "Neuro Psych Report," which would have been conducted shortly after

Bernice executed the change of beneficiary form designating her Estate as the beneficiary of her annuity, indicated that Bernice was suffering from some memory problems and late onset dementia but that her orientation was generally intact, that she had basic attention and auditory comprehension, that she continued to possess some cognitive strengths and the capacity to function semi-independently. The Court agrees with the Magistrate Judge that Defendant Fuller has failed to present evidence which would suggest that Bernice was mentally incapacitated at the time that she executed the July 21, 2009 change of beneficiary form. Finally, although the evidence does indicate that Bernice executed a subsequent change of beneficiary designating Defendant Virginia Young-Hicks as the beneficiary, the Court agrees with the Magistrate Judge that because Hicks agrees that the annuity should go to the Estate, the Court need not consider the validity of the subsequent change of beneficiary to Hicks.

### III. CONCLUSION

The Court DENIES Hicks's Objections to the Magistrate Judge's Report and Recommendation (Dkt. No. 34) and DENIES Fuller's Motion to Extend Page Limit (Dkt. No. 41). The Court further ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. No. 30) and GRANTS Summary Judgment in favor of the Estate of Bernice Young.

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 12-22-11